UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GST INTERNATIONAL, INC., <br><br> Plaintiff, <br> v. <br><br> TOM MARTIN; KNIGHTS CONSULTING & TECHNICAL SERVICES, INC.; LEANNE MARTIN; HARGETT MATERIALS, INC.; JOHN HARGETT, an individual; and DOES 1 through 50, inclusive, <br><br> Defendant. | Case No. 3:21-cv-00285-ART-CLB <br><br> ORDER ON MOTION TO CONFIRM ARBITRATION AWARD <br><br> (ECF No. 54) |

This is an intellectual property case that was resolved via binding arbitration. Plaintiff GST has moved for the Court to confirm the arbitrator's final award and to seal the record of the arbitration. The Court grants the motion to confirm the arbitral award in full and the motion to seal in part.

**I.    BACKGROUND**

GST sued Defendants Martin, Knights Consulting & Technical Services, Martin, Hargett Materials (HMI), and Hargett for misappropriating trade secrets and infringing on patents related to GST's "Elephant Armor" mortar. (ECF No. 1 at 4.) The parties stipulated to resolve this suit via binding arbitration. (ECF No. 37.) The parties then proceeded through binding arbitration. (ECF No. 54 at 3.)

**II.    ARBITRAL AWARD**

The arbitrator decided that Martin, Hargett, and HMI owe $501,834.00 to GST and an additional payment of $16,776.26 to GST for costs. (ECF No. 54 at 3.) The arbitrator also found that Martin, Hargett, and HMI must pay pre-award interest to GST on the trebled 2021 annual royalty amount of $69,212.00, accruing at the rate of 5.25% per annum from January 1, 2022, until the date of

the Final Award, equaling $9,189.40 in interest, and pay pre-award interest to GST on the trebled 2022 annual royalty amount of $98,066.00, accruing at the rate of 9.5% per annum from January 1, 2023, until the date of the Final Award, such pre-award interest equaling $13,704.23, for a total pre-award interest of $22,893.63. Martin, Hargett, and HMI must also pay simple interest on the total award at a rate of 10.5% per annum, accruing from the date the parties were notified of the issuance of the Final Award on all amounts awarded ($541,503.89) and outstanding until such time as all amounts due are satisfied in full, such simple interest equaling $13,085.52 through August 30, 2024 ($155.78 per day). The total monetary award through August 30, 2024, with interest is $554,589.41.

The arbitral award also found that Martin, Hargett, and HMIO should be enjoined from making, using, offering for sale, selling, or importing into the United States the HMI Repair Mortar Black, Repair Mortar Plus and/or the Repair Mortar 45 products and/or any other products that infringes any valid and unexpired claim of United States Patent No. 9,878,947, and further, that Martin, Hargett, and HMI should be enjoined from actively inducing or contributing to the infringement of any valid and unexpired claim of United States Patent No. 9,878,947.

### III.   STANDARD OF REVIEW

The Federal Arbitration Act allows parties who have agreed for a judgment of the court to be entered upon award made following arbitration to seek an order from a federal court confirming the arbitral award. *See Com. Enterprises v. Liberty Mut. Ins. Co.*, 958 F.2d 376 (9th Cir. 1992) (unpublished) (citing 9 U.S.C. § 9). The court must grant such an order unless the award is vacated, modified, or corrected. 9 U.S.C. § 9.

### IV.   ANALYSIS

The Court finds that the arbitration award has not been vacated, modified, or corrected, and accordingly, orders that the arbitral award be confirmed as

recited above. *See* 9 U.S.C. § 9.

## V. MOTION TO SEAL

There is a strong presumption in favor of public access to judicial filings and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to overcome this presumption for attachments to a dispositive pleading must show "compelling reasons supported by factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79 (quotations omitted). On the other hand, nondispositive motions require only a particularized showing under a good cause standard. *Id.* at 1180.

A motion to confirm an arbitrator's award is dispositive. *See Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *1 n.2 (D. Nev. July 19, 2022) (citing *Bloom Energy Corp. v. Badger*, No. 21-cv-02154-PJH, 2021 WL 4079208, at *12 (N.D. Cal. Sept. 8, 2021)). Accordingly, the "compelling reasons" standard applies.

District courts have broad latitude to grant protective orders based on "trade secrets or . . . commercial information." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). A litigant may meet the "compelling reasons" standard by showing that sealing is needed to prevent documents from being used "as sources of business information that might harm a litigant's competitive standing." *See In re Electronic Arts*, 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Nixon*, 435 U.S. at 598). Yet requests to seal must be "narrowly tailored" to remove only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). If confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order redacted versions to be filed rather than sealing

entire documents. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

GST has provided facts to justify sealing parts of the arbitral award attached to their motion, but not enough to justify sealing the entire document. In favor of sealing, the arbitral award contains sensitive trade secrets related to GST's products. (*See* ECF No. 53; ECF No. 54-1.) Additionally, the parties signed a protective order requiring confidentiality for sensitive information related to the formulas for the parties' products, research and development information, and commercial information regarding profits and sales. (*See* ECF No. 53 at 3.) Yet GST has filed for the entire 121-page report to be filed under seal, and the Court cannot allow an entire arbitration award to be sealed "simply because the parties agreed to confidentiality of the underlying arbitral process." *See Allegiant*, 2022 WL 2819734, at *5. Accordingly, the Court will allow the arbitral award to remain filed under seal but require filing of the award with redactions limited to confidential information.

## VI.   CONCLUSION

The Court grants GST's motion to confirm the arbitral award and enter judgment accordingly. (ECF No. 54.)

The Court grants in part the joint motion to seal GST's arbitral award, allowing ECF No. 54-1 to remain under seal and instructing GST to refile a redacted version of the arbitral award in accordance with governing law for dispositive motions by Thursday, March 27, 2024.

The Court instructs the Clerk to unseal ECF No. 54, as no motion was ever made for the motion itself to be filed under seal.

DATED THIS 14th day of March, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4